Murray v Consolidated Edison of N.Y., Inc. (2024 NY Slip Op 00168)

Murray v Consolidated Edison of N.Y., Inc.

2024 NY Slip Op 00168

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 34175/18 Appeal No. 1427-1428 Case No. 2022-05623, 2022-05596 

[*1]Mary Murray, Plaintiff-Appellant,
v
Consolidated Edison of New York, Inc. et al., Defendants-Respondents.

Hausman & Pendzick, New York (Elizabeth M. Pendzick of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison of New York, Inc, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elina Druker of counsel), for The City of New York, respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 14, 2022, which granted defendant Con Edison's motion for summary judgment dismissing the complaint and cross-claims as against it, unanimously affirmed, without costs. Order, same court and Justice, entered December 8, 2022, which granted defendant City of New York's motion for summary judgment dismissing the complaint and cross-claims as against it, unanimously reversed, on the law, without costs, and the motion denied.
Con Ed sustained its initial burden of demonstrating that it did not cause or create the condition in the roadway that resulted in plaintiff's accident based on the testimony of the person who conducted a search of its records and the records it produced. The records showed that there were opening tickets reflecting repairs by Con Ed in 2011 for the excavations it performed in 2010 and 2011; and that the corrective action reports that were issued for cave-ins at the same location in August 2016 and January 2018 were directed to the City's Department of Environmental Protection, not Con Ed. Moreover, as the court noted, Con Ed was not required to maintain the roadway for seven years after it completed its excavation and restoration (34 RCNY 2-11[e][16][ii]), and no evidence was presented that an affirmative act of negligence by Con Ed caused the cave-in seven years later. 
Summary judgment, however, was improperly granted to The City of New York, which concedes in its brief on appeal that the record was insufficient to sustain summary judgment in its favor, and we agree. The evidence presented did not conclusively demonstrate that the City was not the party that repaired the cave-ins in the roadway two months before plaintiff alleged that she fell at the same spot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024